# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA ANNETTE ELLIOTT, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0362-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-1294-ODE-JFK |

## MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant challenges via 28 U.S.C. § 2255 her conviction and sentence in this Court under the above criminal docket number. The matter is before the Court on Movant's § 2255 motion, (Doc. No. 98), for preliminary review under Rule 4(b), which requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed.

## I. Background

The Grand Jury in the Northern District of Georgia charged Movant in Counts One through Five of the indictment with bank fraud, in Count Six with bribery of a

bank employee, and in Counts Seven through Eleven with filing false claims with the Internal Revenue Service. (Doc. No. 43). On May 26, 2010, represented by Adam M. Hames, Movant entered into a plea agreement with the government to plead guilty to Counts One and Eight. (Doc. No. 61, "Guilty Plea and Plea Agreement"). Movant agreed that she was voluntarily and expressly waiving the right to appeal or collaterally attack her conviction and sentence, with the exceptions that she could "file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range" and that she could cross appeal if the government appealed. (Id. at 9). In exchange for Movant's guilty plea, the government, among other things, agreed that it would recommend a sentence at the low end of the guidelines, that it would not bring against Movant further criminal charges related to the charges to which she pleaded guilty, and that it would recommend an adjustment for acceptance of responsibility.[1] (Id. at 4).

---

[1] The Court notes that

> Defendants can obtain concessions in exchange for their promises in plea agreements only if those promises are credible. A defendant . . . who promises not to appeal, and then appeals anyway (requiring the United States to invest in the appeal the prosecutorial resources it sought to conserve), injures other defendants who plan to keep their promises, but can't distinguish themselves from those who sign with their fingers crossed behind their backs.

2

During the plea hearing, the Court specifically, and in detail, explained the appeal waiver to Movant, and Movant stated that she understood. (Doc. No. 83 at 9-11). Movant stated that she wanted to plead guilty, and the Court accepted her guilty plea. (Id. at 31-32). In a judgment and commitment order entered on August 13, 2010, the Court sentenced Movant to a 121-month term of imprisonment on Count One and a concurrent 60-month term on Count Eight. (Doc. No. 74). The Court dismissed the remaining counts against Movant on the government's motion. (Id. at 1).

Movant, represented by Mr. Hames, directly appealed and argued that the appeal waiver was inapplicable because the district court's failure to properly calculate the guideline range resulted in an upward departure from the applicable guideline range. Br. of Appellant at 5, United States v. Elliott, No. 10-13941-DD (11th Cir. April 11, 2011). On April 11, 2011, the Eleventh Circuit dismissed Movant's appeal based on

---

. . . If the defendant does not keep his promises, the prosecutor is not bound either. This is established for broken agreements to cooperate. A defendant who . . . does not carry through, forfeits the benefits of the agreement, and the United States is free to reinstate dismissed charges and continue the prosecution.

United States v. Hare, 269 F.3d 859, 862-63 (7th Cir. 2001).

3

the "valid and enforceable sentence appeal waiver" in her plea agreement. Order, Elliott, No. 10-13941-DD.[2]

On April 10, 2012, Movant filed her § 2255 motion, in which she asserts the following four grounds for relief:[3]

(1) "Counsel was ineffective when he failed to present mitigating evidence during sentencing." (Doc. No. 98 at 5 and Mem. at 5-6).

(2) "Counsel was ineffective when he failed to investigate the pertinent facts of the case . . . that would have limited [Movant's] culpability[,]" and had counsel performed reasonably the outcome of Movant's sentencing would have been different. (Doc. No. 98 at 6 and Mem. at 5-7).

(3) "Counsel was ineffective when he failed to communicate and represent [Movant] at key meetings." "Counsel was not present at meetings regarding the [Movant's Presentence Report,] PSR, [and] he failed to object to incorrect information found in the PSR and failed to investigate such information." (Doc. No. 98 at 7 and Mem. at 6-7). Counsel's deficient representation "prejudiced [Movant] and lead to higher sentencing." (Id., Mem. at 8).

(4) "Counsel's failure to investigate, object to the PSR, and . . . present evidence at sentencing led to a due process violation." (Doc. No. 98 at 9 and Mem. at 6, 8).

---

[2]See also United States v. Holland, 214 F. App'x 957, 958 n.3 (11th Cir. 2007) (rejecting as meritless argument that the district court's calculation of the guidelines range constituted an upward departure from the guidelines range).

[3]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

4

Thus, Movant contends that counsel provided ineffective assistance at sentencing. (Id., Mem. at 9-10). Movant asserts that she may "collaterally attack her sentence under § 2255 if she alleges . . . that her attorney was ineffective in negotiating the plea and providing his subsequent recomendation [sic]." (Id., Mem. at 5).

## II. Discussion

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255) (internal quotation marks omitted). Based on the record and Movant's motion, an evidentiary hearing is not warranted.

A sentence appeal waiver is enforceable when the district court has questioned the defendant about his or her waiver, adequately explained the waiver, and confirmed the defendant's understanding of the waiver. United States v. Smith, 654 F.3d 1263, 1265 (11th Cir. 2011) (citing, *inter alia*, United States v. Bushert, 997 F.2d 1343, 1351

5

(11th Cir. 1993)). A valid appeal waiver "precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

Here, the record shows that the Court specifically and at length explained the appeal waiver to Movant and that Movant understood it. Moreover, the Eleventh Circuit Court of Appeals already has decided that Movant's appeal waiver is valid and enforceable. Although Movant contends that her counsel's ineffectiveness in negotiating the plea agreement leaves her ability to collaterally attack her sentence intact notwithstanding the appeal waiver, (Doc. No. 98, Mem. at 4-5), she presents no argument to show that her guilty plea was involuntary based on ineffective assistance of counsel.[4] Movant's passing and unsupported assertion, (id.), is insufficient to bring into question whether counsel's assistance rendered her guilty plea invalid. See Lynn

---

[4]Movant nowhere shows, or even contends, that she would have insisted on going to trial but for counsel's alleged inadequate assistance, as she must do to show that her guilty plea resulted from ineffective assistance of counsel. See Stephens v. Sec'y, Fla. Dep't of Corr., _ F.3d _, 2012 WL 1520874, at *6 (11th Cir. May 1, 2012) (To succeed on claim that counsel was ineffective on the decision to plead guilty, the movant "must show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (quoting Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985))).

6

v. United States, 365 F.3d 1225, 1238 (11th Cir. 2004) (holding that claim supported by only conclusory allegations failed on the merits).

Movant's grounds for relief and her arguments pertain to counsel's assistance in relation to her sentencing outcome. (See Doc. No. 98, Mem. at 6-10). With a valid and enforceable appeal waiver in place, Movant may not collaterally attack her sentence or counsel's assistance during her sentencing proceedings.

## III. Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott

7

v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that Movant's grounds for relief are barred by her valid appeal waiver. If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this 28 U.S.C. § 2255 motion, (Doc. No. 98), be **DENIED** and that a COA be **DENIED**.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral of the 28 U.S.C. § 2255 motion to the undersigned Magistrate Judge.

**IT SO DIRECTED and RECOMMENDED** this 17th day of May, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

9