FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 1 6 2012

James N. Hatten, Clerk
By: /s/ Am Cauill
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA ANNETTE ELLIOTT,<br>Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | : | CRIMINAL INDICTMENT NO.<br>1:09-CR-0362-ODE-JFK-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | : | CIVIL FILE NO.<br>1:12-CV-1294-ODE-JFK |

## ORDER

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion, (Doc. No. 98), the Magistrate Judge's Final Report and Recommendation that recommends dismissing this action based on Movant's appeal waiver, (Doc. No. 99), and Movant's objections, (Doc. No. 101).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the

district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982).[1] Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), if satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). See Nettles, 677 F.2d at 409; see also Thomas v. Arn, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

---

[1] Although the Fifth Circuit has overruled Nettles, it remains valid law in the Eleventh Circuit. United States v. Schultz, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009).

# I. Discussion

## A. Background

Movant, represented by Adam M. Hames, entered into a plea agreement with the government in which she pleaded guilty to Counts One and Eight – bank fraud and filing false claims with the Internal Revenue Service – of an eleven-count indictment. (Doc. Nos. 43; Doc. No. 61, "Guilty Plea and Plea Agreement.")

> Movant agreed that she was voluntarily and expressly waiving the right to appeal or collaterally attack her conviction and sentence, with the exceptions that she could "file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range" and that she could cross appeal if the government appealed. In exchange for Movant's guilty plea, the government, among other things, agreed . . . that it would not bring against Movant further criminal charges related to the charges to which she pleaded guilty, and that it would recommend an adjustment for acceptance of responsibility.

(Doc. No. 99 at 2 (footnote and citations omitted).) Movant agreed that she was subject to a thirty-year term of imprisonment on Count One and a five-year term of imprisonment on Count Eight. (Doc. No. 61, "Guilty Plea and Plea Agreement" at 3.) Movant agreed as follows – "[Movant] further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict her exact sentence at this time." (Id.) Under the heading, "**Specific Sentence Recommendation,**" the Government agreed "to recommend that

3

AO 72A (Rev.8/8 2)

the Defendant be sentenced at the low end of the adjusted guideline range."[2] (Id. at 4.) Movant agreed, "there are no other agreements, promises, representations, or understandings between [Movant] and the Government." (Id. at 12.) Movant signed the plea agreement, further stating, "no promises or inducements have been made to me other than those discussed in the Plea Agreement." (Id. at 13.)

"During the plea hearing, the Court specifically, and in detail, explained the appeal waiver to Movant, and Movant stated that she understood." (Doc. No. 99 at 3.) Also at the hearing, the Court instructed Movant, "you must understand that you're pleading guilty to two charges which potentially carry a good bit of prison time. Specifically on Count 1, the maximum possible sentence is 30 years. On count 8, the maximum possible sentence is 5 years." (Doc. No. 83 at 5.) Movant informed the Court, under oath, that she understood the possible penalties in her case. (Id. at 7.) After Movant affirmed that she wanted to plead guilty, the Court accepted her guilty plea. (Id. at 31-32).

Movant's sentencing guidelines range was 121 to 151 months. (Doc. No. 84 at 34.) The government, per the plea agreement, recommended a sentence at the low

---

[2]The plea agreement states no other agreement on a specific sentence recommendation.

4

end. (Id. at 35.) The Court sentenced Movant to a 121-month term of imprisonment on Count One and a concurrent 60-month term on Count Eight. (Doc. No. 74.) The Court dismissed the remaining counts against Movant on the government's motion. (Id. at 1.)

Movant appealed, and the Eleventh Circuit dismissed Movant's appeal based on the "valid and enforceable sentence appeal waiver" in her plea agreement. Order, United States v. Elliott, No. 10-13941-DD (11th Cir. Apr. 11, 2011).

### B. The § 2255 Motion and the Magistrate Judge's Recommendation

In her § 2255 motion, Movant asserts four grounds for relief:

(1)  "Counsel was ineffective when he failed to present mitigating evidence during sentencing." (Doc. No. 98 at 5 and Mem. at 5-6.)

(2)  "Counsel was ineffective when he failed to investigate the pertinent facts of the case. . . . that would have limited [Movant's] culpability[,]" and had counsel performed reasonably the outcome of Movant's sentencing would have been different. (Doc. No. 98 at 6 and Mem. at 5-7.)

(3)  "Counsel was ineffective when he failed to communicate and represent [Movant] at key meetings." "Counsel was not present at meetings regarding the [Movant's Presentence Report,] PSR, [and] he failed to object to incorrect information found in the PSR and failed to investigate such information." (Doc. No. 98 at 8 and Mem. at 6-7.) Counsel's deficient representation "prejudiced [Movant] and lead to higher sentencing." (Id., Mem. at 8.)

5

(4) "Counsel's failure to investigate, object to the PSR, and . . . present evidence at sentencing led to a due process violation." (Doc. No. 98 at 9 and Mem. at 6, 8.)

Movant argues that her counsel provided ineffective assistance at sentencing and asserts that she can "collaterally attack her sentence under § 2255 if she alleges . . . that her attorney was ineffective in negotiating the plea and providing his subsequent recomendation [sic]." (Doc. No. 98, Mem. at 5-9.)

The Magistrate found as follows.

> [T]he record shows that the Court specifically and at length explained the appeal waiver to Movant and that Movant understood it. Moreover, the Eleventh Circuit Court of Appeals already has decided that Movant's appeal waiver is valid and enforceable. Although Movant contends that her counsel's ineffectiveness in negotiating the plea agreement leaves her ability to collaterally attack her sentence intact notwithstanding the appeal waiver, she presents no argument to show that her guilty plea was involuntary based on ineffective assistance of counsel. . . .
>
> Movant's grounds for relief and her arguments pertain to counsel's assistance in relation to her sentencing outcome. With a valid and enforceable appeal waiver in place, Movant may not collaterally attack her sentence or counsel's assistance during her sentencing proceedings.

(Doc. No. 99 at 6 (citations omitted).) The Magistrate Judge noted that

> "Defendants can obtain concessions in exchange for their promises in plea agreements only if those promises are credible. A defendant . . . who promises not to appeal, and then appeals anyway (requiring the United States to invest in the appeal the prosecutorial resources it sought to conserve), injures other defendants who plan to keep their promises,

6

but can't distinguish themselves from those who sign with their fingers crossed behind their backs."

(Id. at 2 n.1 (quoting United States v. Hare, 269 F.3d 859, 862-63 (7th Cir. 2001)). The Magistrate Judge has recommended that Movant's § 2255 motion be dismissed based on the appeal waiver. (Doc. No. 99 at 7-8.)

### C. Objections and Ruling

Movant objects to the Magistrate Judge's finding that she presented no argument to show that her guilty plea was involuntary. (Doc. No. 101 at 1.) Movant does not point to any argument regarding her guilty plea, or contend that she presented such an argument, in her § 2255 motion before the Magistrate Judge. Movant instead asserts that she twice declined signing the plea agreement and agreed to sign it only because she was informed that she would receive a total sentence of five years of imprisonment. (Id. at 1-2.) Movant appears to assert that her appeal waiver was involuntary because it was based on the promise of a five-year sentence, which promise was not kept. (Id. at 2.) Movant also objects to the Magistrate's Judge's quote from Hare, and states that she "was told that she would receive a five (5) year sentence in return for her signing her plea agreement. Surely there is some recourse

7

when it is not the defendant, but the prosecution crossing their fingers behjnd [sic] their back when the agreement is signed." (Id. at 2.)

The Court agrees with the Magistrate Judge that Movant did not raise a claim in her § 2255 motion that her guilty plea was involuntary based on ineffective assistance of counsel. Movant's § 2255 claims focus on counsel's assistance in regard to sentencing. Movant articulates no coherent argument in her § 2255 motion as to the voluntary nature of her plea, and her passing statements – that she can "collaterally attack her sentence under § 2255 if she alleges . . . that her attorney was ineffective in negotiating the plea and providing his subsequent recomendation [sic]" and that counsel misled her regarding "possible sentence length" – are insufficient to raise the issue. (Doc. No. 98, Mem. at 5, 7.) Further, Movant did not argue before the Magistrate Judge that her guilty plea was involuntary because she was misled to believe that she would receive no more than a five-year sentence. The Court exercises its discretion not to consider the matter, see Williams, 557 F.3d at 1290-92, other than to note that Movant's assertion regarding a promise of a five-year prison term is affirmatively contradicted by the record and by Movant's own statements under oath, as reviewed above.

AO 72A
(Rev.8/8
2)

Additionally, the Court finds no error in the Magistrate Judge's notation quoting from Hare. The record shows that Movant knew she was subject to a sentence well above five years, that the Government fulfilled its agreement to recommend a sentence at the low end of the applicable guideline range, and that Movant understood that there were no other agreements or promises. On review of the remainder of the Magistrate Judge's Report and Recommendation, the Court finds no clear error, and the recommendation shall be adopted.

**II. Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's objections, (Doc. No. 101), are overruled and that the Magistrate Judge's Report and Recommendation, (Doc. No. 99), is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that Movant's motion, (Doc. No. 98), to vacate, set aside, or correct her federal sentence and a COA are **DENIED**.

**IT IS SO ORDERED** this 16 day of July, 2012.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)